UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | Douglas J. DeCarlo<br>Mary Lee DeCarlo<br>  Joint Debtors | Case No. 20-22324-CMB<br><br>Chapter: 13 |
| | Ronda J. Winnecour - Trustee<br>  Movants<br>v.<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Tiki Series V Trust<br>Douglas J. DeCarlo<br>Mary Lee DeCarlo<br>  Respondents | Judge: Carlota M. Bohm |

## CONSENT ORDER

NOW COMES Debtors, Douglas J. DeCarlo and Mary Lee DeCarlo ("Debtors"), by and through her counsel, Steidl & Steinberg; the Chapter 13 Trustee; and Creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Tiki Series V Trust, and the parties consent and agree as follows:

WHEREAS, Creditor is a secured creditor and the holder of a mortgage on real property of the Debtor located at 6 Leslie Street, Uniontown, PA 15401 (the "Property");

WHEREAS, on October 1, 2020, Creditor filed a total debt Proof of Claim 6-1;

WHEREAS, on October 19, 2020, Creditor filed a Notice of Post-petition Mortgage Fees, Expenses, and Charges as to Claim 6-1 for Creditor's advancement of taxes on Debtor's behalf;

WHEREAS, on September 27, 2021, Creditor filed a second Notice of Post-petition Mortgage Fees, Expenses, and Charges as to Claim 6-1 for Creditor's advancement of taxes on Debtor's behalf;

WHEREAS, on April 8, 2025, the Trustee filed a Motion for Order of Court Authorizing Trustee to Close Creditor Payment Records as to Creditor;

WHEREAS, Creditor, Debtor, and Trustee are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Creditor, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Steidl & Steinberg as follows:

1. The aforementioned Post-Petition Fee Notices have been paid in full.

2. As of the filing of this Consent Order, Creditor is owed a principal balance in the amount of $27.10 plus interest in the amount of $0.21 for a total of $27.31. This is the only balance remaining as to Creditor's Claim.

3. Once the Chapter 13 Trustee has disbursed the amounts reflected in Paragraph 2, Creditor's Claim will be paid in full and the Chapter 13 Trustee shall cease all disbursements to Creditor.

4. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

IN WITNESS hereof, the Parties, by their respective, duly authorized, undersigned counsel of record and agent, have cause this Consent Order to be executed this _____ day of _____, 2025.

BY THE COURT:

_____
Carlota M. Bohm, Bankruptcy Judge

Date: June 23, 2025        /s/ Lauren M. Moyer
                           Lauren M. Moyer, Esquire
                           Friedman Vartolo, LLP
                           *Counsel for Creditor*

Date: June 23, 2025        /s/ Christopher Frye
                           Steidl & Steinberg
                           *Counsel for Debtor*

Date: June 23, 2025        /s/ Rhonda J. Winnecour
                           Ronda J. Winnecour, Esquire
                           *Chapter 13 Trustee*